28 C.C.P.A.(Patents)

## In re SAURER.

### Patent Appeal No. 4424.

Court of Customs and Patent Appeals.

March 31, 1941.

Redding, Greeley & O'Shea, of New York City (William B. Greeley, of New York City, and Charles K. Davies, Jr., of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner rejecting, in view of the prior art, claim 6, the only claim, of an application for a patent for improvement in the method of and apparatus for forming the explosive mixture in direct injection high speed internal combustion engines.

The claim reads as follows: "6. The method of forming the explosive mixture in a self-igniting direct injection high speed internal combustion engine, in which the piston is provided in its head with a toroidal combustion chamber having a restricted opening, the method comprising compressing air between the piston and the cylinder head and forcing it towards the opening in the piston head, injecting a quantity of fuel into the cylinder over the top of the piston as the piston approaches the head of the cylinder to form a partly mixed fuel combustion charge and reduce the ignition lag by the rapid heating of the fuel in the counter-current of hot air, continuing the fuel injection into the toroidal combustion chamber until the piston approaches the end of its compression stroke, compressing the partly mixed fuel charge and air between the piston and the cylinder head, and forcing the partly mixed charge into the toroidal combustion chamber to be completely mixed therein, the fuel being discharged from the nozzle at the beginning of injection in a relatively flat continuous veil across the inflow of air and continued in both the cylinder and the combustion chamber and impinging at the beginning of injection against the air as it flows over the piston head toward the restricted opening therein, and the partly mixed fuel charge and air above the piston head flowing over the piston head toward the restricted opening therein, entering the combustion chamber in the piston head crosswise to the flow of the fuel from the nozzle into the combustion chamber, and entering and whirling within the combustion chamber to complete the mixing of the fuel charge."

The references relied on are:

French, 1,708,056, April 9, 1929;

Saurer (British), 421,101, December 13, 1934;

Saurer (British), 448,758, June 15, 1936.

In the words of the examiner: "The alleged invention relates to a method of forming explosive mixtures in high-speed fuel injection internal combustion engines of the precombustion chamber type. The precombustion chamber is formed in the piston head in the form of a recess, with a restricted opening establishing communication between the precombustion chamber and the cylinder space or the main combustion chamber."

The drawings of the application reproduced below show the type of device in which the method of the appealed claim is carried out:

the valve tip. The fuel injection nozzle 7 placed in line with the axis of opening 5 discharges a substantially flat disk-shaped fuel jet.

In Fig. 1 the piston is shown in a position approaching the top dead center, but is not close enough to the cylinder head to permit the nozzle to enter the precombustion chamber 3. In Fig. 2 the piston is shown to have reached its highest position with the fuel injection nozzle 11 within the chamber 3.

As indicated by arrows in the drawings, as the piston rises on its compression stroke air is forced into the chamber 3

In the drawings the reference numerals are read as follows: Numeral 1 indicates the piston which travels in the cylinder 2; a precombustion chamber 3, called by the appellant because of its shape a toroidal combustion chamber, is in the head of the piston; this chamber communicates with the compression space between the piston and the cylinder head 6 through restricted opening 5; the fuel nozzle body 7 is retained in the cylinder head by a plug 8; the stem 10 of the mushroom fuel injection valve 11 is slidably within a central bore 9 of the nozzle body, the valve being held normally to its seat against the thin annular tip of the nozzle body by a spring 12; fuel enters through duct 13 into the chamber containing the spring thence through longitudinal grooves 14 in the stem 10 to

and is deflected by the walls of the chamber to create a whirling turbulence therein. Before the nozzle tip enters the opening of chamber 3, at a predetermined time, fuel injection is started and the fuel jet meets and mixes with the air in the main combustion chamber before it enters into chamber 3. This is shown in Fig. 1. As the compression stroke of the piston continues the nozzle tip enters the chamber 3 and the flat disk-shaped fuel jet so intimately mixes with the whirling air and fuel mixture in the chamber that complete combustion is said to occur during the time of the combustion process.

The object of appellant's alleged invention is to secure formerly unattainable reduction of ignition lag and unpredictable efficiency in fuel combustion. The man-

ner in which this is said to be accomplished is contained in the following portion of the application:

" * * * The fuel injected in the form of a relatively flat conical film or veil, produced by a film nozzle at the beginning of the injection and while the nozzle opening is still outside of the combustion chamber in the piston, that is, in the first part of the injection, meets the combustion air above the piston head in counter-flow, while in the second part of the injection, which takes place after the nozzle enters the combustion chamber, the fuel continues to be injected in the combustion chamber crosswise with respect to the air eddy, and thereby the shortest ignition lag is attained with complete combustion. Because of the high position of the injection orifice and the early commencement of injection required by high speed engines it follows that the injector during the initial stages of injection has not yet entered the combustion chamber provided in the piston head but sprays the fuel against the heated air as it flows over the piston head toward the central restricted opening. As the piston then approaches further toward the top dead center position, the nozzle enters the combustion chamber in the piston and sprays the fuel within the combustion chamber crosswise to the current of entering air and to the eddy formed within the chamber. By the operation of the engine in this manner, that is, with the injection beginning before the nozzle enters the combustion chamber and continuing after the nozzle has entered the combustion chamber, it becomes possible to attain smooth operation of the engine and completely smoke-free combustion, even in small spray injection engines."

The earlier British patent discloses a device substantially similar to that of the present application. In this patent a multijet tip in an atomizing nozzle is provided. The later British patent contains a drawing Fig. 1 which is identical even to the reference numerals with Fig. 2 herein. This patent discloses a nozzle with a flat tip through which, while the engine is in operation, the fuel issues as a mist in the shape of a flat cone, thus plainly suggesting, if not actually providing for, a nozzle tip producing a flat "veil shape" fuel jet. Neither of the British patents shows a specific timing for the fuel injection.

* The patent to French discloses an internal combustion engine comprising a pre-combustion chamber connected with the main combustion chamber by means of a restricted opening. The opening for fuel injection into the main combustion chamber or the precombustion chamber or both is coaxial with the fuel injection nozzle. The patent in part reads: "More particularly, the invention consists in providing a cavity between a part of the piston and head into which the whole or part of the fuel is introduced during the compression stroke * * *." With respect to the timing of the fuel injection, it is stated in the patent that "The fuel injection is started slightly before or during the time the parts move into restricted communication and is continued during the remainder of the compression stroke * * *." The patentee recognized the utility of early fuel charge injection at high speeds and teaches the beginning of the injection slightly before the nozzle enters the restricted opening.

The Primary Examiner rejected the involved claim as being unpatentable over the British patents and cited the French patent to illustrate that the advantage of early fuel injection was commonly known in high speed combustion engines.

The Board of Appeals, affirming the rejection by the examiner, held that the timing or direction of the entrance of the fuel during the compression stroke of the piston, so that a part of the fuel enters the cavity between the piston and the cylinder head at the desired time, appeared to be well known in the art, as indicated by the patent to French, and that it would not involve invention to so time the parts in the operation of the structure of British patent Serial No. 421,101.

Appellants, in their brief, contend that the later British patent must be held to be an ineffective reference for the stated reason that it was published not more than two years prior to the date of the instant application. In support of this contention they cited a decision of the Board of Appeals in Ex parte Powell and Davies, 37 U.S.P.Q. 285. Appellants state "In that case the Board of Appeals expressly held that Rule 75, relied upon by the Examiner, was not 'intended to apply to a case where the publication appears, without question, to be a publication of the applicants' own invention', which is the fact as to this patent 448,758."

We cannot agree with this contention. An examination of the patent to

722

Saurer, No. 448,758, reveals the name of the patentee to be "Societe Anonyme Adolphe Saurer, whose alternative name is Aktiengesellschaft Adolph Saurer." It would require additional evidence to establish that British patent 448,758 was in fact a publication of an invention of Hippolyt Saurer who, it was stated in the application herein, was the inventor of the subject matter thereof.

Appellants state in their brief that the question here involved is as follows: "The one broad question now before this Court is as to the patentability of this claim, that is, in other words, whether the method of forming the explosive mixture in a self-igniting direct injection high speed internal combustion engine involves, over the prior art relied on by the Examiner and by the Board of Appeals, the exercise of invention."

In the British patent 448,758 a method of operation is disclosed which, with the exception of showing specific timing of the injection, appears to be identical with the method recited in the rejected claim. We find nothing in the record here to oppose the statement of the examiner that: "Patentee does not disclose the specific timing of injection with respect to the piston position on its compression stroke, the beginning of injection apparently taking place at the usual time—sometime prior to the top dead center position of the piston."

Therefore we assume as a fact that in the high internal combustion engine art the beginning of fuel injection usually takes place as was stated by the examiner. This being so, we fail to see how the claim of appellants can be allowed over either of the British patents alone. The method of operation of the engines shown in these patents in their normal and usual functioning could not possibly differ in any respect from the method of the rejected claim except as to the alleged difference in the timing of the injection and possibly in the earlier British application by reason of the slight difference between the nozzle tip there and the nozzle tip disclosed herein.

The flat "continuous veil" of the claim is surely not different, at least in a patent sense, from the "mist in the shape of a flat cone" shown in the later British patent. The patentable novelty claimed because of the particular timing of fuel injection, we think, is disposed of by the examiner who stated as follows:

"* * * It is elementary in injection engine design to time the beginning of fuel injection with reference to such factors as crudeness of the fuel used, combustion chamber design, fuel atomization, fuel heating and vaporization, speed of engine, etc. It is also a notoriously old and common expedient in engine design to reduce the ignition lag by pre-conditioning of the fuel charge for combustion by such means as preheating of the fuel, atomization of the fuel, mixing by whirling of the air charge, early injection to insure sufficient period in crank angle duration for heating, vaporization and mixing, etc. It was held that to time the injection of Saurer's engines to begin prior to the entry of the nozzle tip into the restricted opening, insuring partial injection into the main combustion chamber, is nothing more than a feature of engine design devoid of any inventive concept, particularly in view of French."

In view of the references, we fail to see how invention is involved in the alleged new and advantageous results obtained by the timing of the fuel injection and the character thereof.

It is clear that the tribunals of the Patent Office have not erred in their holdings and therefore the decision of the Board of Appeals is affirmed.

Affirmed.